

PLAINTIFF'S EXHIBIT 1

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Alicia L. Curry | * | |
| Plaintiff | * | |
| v. | * | Case No.: BPG 18-3838 |
| Frost & Associates, LLC *et al.* | * | |
| Defendants. | * | |

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this __ day of February, 2019, by and between Plaintiff, Alicia L. Curry ("Plaintiff") and Defendants Frost & Associates, LLC and Glen E. Frost (collectively, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

**WHEREAS**, Plaintiff, a former employee of Frost & Associates, LLC filed suit (the "Lawsuit") against Defendants alleging that she is owed unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann, LE Art. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., LE Art. § 3-501 *et seq.*

**WHEREAS**, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiff;

**WHEREAS**, a *bona fide* dispute exists and the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way relating to the Parties' employment and working relationship with each other or termination thereof;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **PAYMENT.** In consideration of Plaintiff's decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiff, through her counsel, the total sum of Seventeen Thousand Five Hundred Dollars and Zero cents ($17,500.00). For tax purposes, half the payment shall be treated as wages, net all applicable employment taxes, including Federal, state and local income tax withholdings and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. The other half of the payment shall be treated as liquidated damages and shall be paid without any withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3. Both payments shall

be made payable to "Alicia L. Curry" and delivered to Plaintiff's counsel, Howard B. Hoffman, Esquire ("Hoffman") within ten (10) business days of approval of this Settlement Agreement by the U.S. District Court. So that Defendants may issue an IRS Forms W-2 and 1099 for 2019 reflecting payment made under this Settlement Agreement, Plaintiff shall provide Defendants' Counsel, Donna M. Glover, at the time she executes this Settlement Agreement, an executed IRS Forms W-4 and W-9, which shall accurately provide her taxpayer identification number.

2. **ATTORNEYS' FEES.** As additional consideration for Plaintiff's execution of this Agreement, Defendants agree to pay Hoffman, the total sum of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) in full settlement of all attorneys' fees, costs, and expenses arising out of this case (to include all those fees and costs and expenses incurred by counsel). This payment of attorneys' fees and costs shall be paid without withholding and shall be reported to the IRS under Hoffman Employment Law, LLC's Federal Employer Identification Number on an IRS Form 1099, box 14, and to Plaintiff on an IRS Form 1099-MISC, Box 3, for the year in which it was paid. This payment of attorney's fees shall be made payable to Plaintiff's counsel at "Hoffman Employment Law, LLC" and delivered to Hoffman Employment Law, LLC at 600 Jefferson Plaza, Ste. 204, Rockville, Maryland 20852 within ten (10) business days of approval of this Settlement Agreement by the U.S. District Court. So that Defendants may issue an IRS Form 1099 for 2019 reflecting payment made under this Settlement Agreement, Hoffman Employment Law, LLC shall provide Defendants' Counsel, Donna M. Glover, at the time Plaintiff executes this Settlement Agreement, an executed IRS Form W-9, which shall accurately provide Plaintiff's Counsel's taxpayer identification number.

3. **TAX RESPONSIBILITY.** Plaintiff agrees that she shall be solely and entirely responsible for the payment and discharge of all federal, state and local income taxes, if any, which may at any time be found to be due upon or as a result of the payments described herein (though Frost & Associates, LLC shall withhold and remit employer obligations for FICA, Medicare, FUTA, SUTA or similar obligations on an employer for the W-2 wage payment as described in Paragraph (1)) and agrees to indemnify, secure, and hold Frost & Associates, LLC harmless against any claim or liability for any non-employer taxes obligations and any related penalties, fees, and/or interest, in the event any such taxes, penalties and/or interest be assessed by the IRS and/or any other state or local taxing authority. Included among Plaintiff's indemnification obligations is any challenge or adverse ruling respecting the settlement payment under this Agreement as being allocated exclusively to alleged sexual harassment or abuse pursuant to Section 13307 of the Tax Cuts and Jobs Act of 2017. Plaintiff also agrees to cooperate with Frost & Associates, LLC in the event of a tax audit involving the payments under this Agreement. If any governmental or taxing authority disagrees with how the payment is allocated, said allocation shall not void any other provision of this Agreement or the general release of claims. Frost & Associates, LLC shall timely provide Plaintiff an IRS Form W-2 and IRS Form 1099 representing payments made to Plaintiff and proof of same shall be provided to Plaintiffs' counsel upon reasonable notice.

4. **ADMISSION BY PLAINTIFF**: Plaintiff admits and agrees that Defendants have paid all sums earned by and owed to her, including, but not limited to, all salary, tips, bonuses, wages (including minimum wages), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and any and all other wages, compensation, benefits and

prerequisites as a result of her employment with Defendants, and further acknowledge that the payments under this Agreement are in full payment of anything of value to which they would be entitled under any policy, plan or procedure of Defendants. Plaintiff also expressly waives any right or claim that she may have or may assert to employment or reinstatement to employment, or to payment for salary, wages, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

5. **FULL AND FINAL RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiff by Defendants, Plaintiff, for herself, and her attorneys, heirs, beneficiaries, executors, administrators, successors and assigns, fully, finally and forever waive, release and discharge each and all of the Defendants, and their heirs, beneficiaries, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their successors, assigns, officers, directors, shareholders, owners, managers, supervisors, employees, members, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), from and of all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either relating to employment or as a result of the cessation of Plaintiff's alleged employment or otherwise, any and all claims alleging wrongful termination, failure to pay wages (including the minimum wage), improper deductions, failure to pay or reimburse for expenses, failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Fair Employment Practices Act, Title 20 of the State Government Article of the Annotated Code of Maryland, the Maryland Equal Pay Law, the Maryland Healthy Working Families Act ,the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; and any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, tortious conduct, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

4819-2475-8664
5036743-099650

a. This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

b. Plaintiff expressly waives any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

c. Plaintiff represents that she has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which he had, has or may have against Releasees.

d. Plaintiff acknowledges that while she is waiving a broad range of claims, she has not and does not assert any claim of sexual harassment or abuse; consequently, no portion of the settlement amount referenced herein relates to such conduct.

6. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the Full and Final Release, is intended to, or will, preclude Plaintiff from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Plaintiff agrees and acknowledges that she is waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiff is entitled regarding anything occurring on or before the date on which they sign this Agreement, including anything regarding her alleged employment with the Defendants and/or the termination of that relationship.

7. **COURT APPROVAL REQUIRED.** Within three (3) business days of the Parties' execution of this Agreement, counsel for Plaintiff shall file with the Court a Joint Motion to Approve FLSA Settlement Agreement and proposed Order, and an Order providing for the dismissal of the Lawsuit with prejudice upon the Court's approval of this Agreement and final and unconditional payment of all monies due hereunder. If the Court (i) does not approve of this Agreement, or (ii) declines to review this Agreement in any manner (*i.e.*, in open court or via filing with the Court's ECF filing system), this Agreement shall be void and of no force or effect. In that event, the Parties will work cooperatively, if practicable, to submit a revised Agreement to the Court for approval.

8. **NO OTHER CLAIMS.** Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or

lawsuits against the Defendants (or any Releasees) with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of herself or others, at any time for actions taken up to and including the date Plaintiff executed this Agreement. Plaintiff waives all collective and/or class allegations and withdraws, and if filed, agrees to dismiss same with prejudice.

9. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants or any Releasee of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants expressly deny any intent, willingness, or plan to violate any provision of the FLSA, MWHL, MWPCL or any other statute. Defendants do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation.

The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency. The Parties agree that there has been no determination or admission that the Plaintiff meets the requisites to maintain a collective action under the FLSA, or a class action. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

10. **PARTIES TO BEAR FEES AND COSTS**. Except as specifically provided here, the Parties to this Agreement shall bear their own attorneys' fees, expenses and costs incurred as a result of or in association with the lawsuit.

11. **GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Anne Arundel County, Maryland, and for venue shall be within Anne Arundel County, Maryland for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payments under paragraphs 1 and 2, which may be enforced in either the District Court for Anne Arundel County, Maryland or the United States District Court for the District of Maryland.

12. **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

13. **NO OTHER PROMISES.** Plaintiff affirms that the only consideration for Plaintiff signing this Agreement is that set forth herein and that no other promise or agreement of any kind has been made to or with Plaintiff by any person or entity to persuade or cause Plaintiff to execute this document, and that Plaintiff fully understands the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

5

14. **RIGHT TO REPRESENTATION.** Plaintiff, in receiving a copy of this Agreement, acknowledges that she has been advised in writing to seek the advice of her attorney before signing this Agreement, he has had adequate opportunity to so consult and has so consulted

15. **LEGALLY BINDING AGREEMENT.** Plaintiff understands and acknowledges (a) that this is a legally binding release; (b) that by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiff, and their respective heirs, beneficiaries, attorneys, administrators, representatives, executors, successors and assigns.

16. **CONSTRUCTION.** This Agreement was jointly prepared by the Parties and any uncertainty and ambiguity shall not be interpreted against any one party.

17. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

18. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiff further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. Plaintiff represents and warrants that he has fully discussed this Agreement with her attorneys, and that all terms are understood and that the execution of this Agreement is completely voluntary.

19. **ELECTRONIC SIGNATURES/COUNTER-PARTS.** Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, *et seq*.

**THE PARTIES TO THIS AGREEMENT, WITH THE BENEFIT OF REPRESENTATION AND ADVICE OF COUNSEL, HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND EACH AND EVERY PROVISION CONTAINED HEREIN, AND INTEND TO BE LEGALLY BOUND BY ITS PROVISIONS.**

| Date: 02/19/2019 | For: Frost & Associates, LLC <br> By: _[signature]_ <br> Name: Glen E. Frost <br> Title: Managing Partner |
|---|---|

4819-2475-8664
5036743-099650

| Date: | [signature] |
|---|---|
| | Name: Glen E. Frost |
| Date: 2/18/2019 | DocuSigned by: Alicia Curry |
| | Name: Alicia L. Curry |
| | Current Street Address: 223 Virginia Avenue |
| | City/State/Zip Code: Essex, MD 21221 |