IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Alicia L. Curry | * | |
| Plaintiff | * | |
| v. | * | Case No.: BPG 18-3838 |
| Frost & Associates, LLC *et al.* | * | |
| Defendants. | * | |

## JOINT MOTION TO APPROVE
## FLSA SETTLEMENT AGREEMENT

The parties jointly move that the Court approve the attached Settlement Agreement (Exh. 1). In support of this Motion, the parties state as follows:

1. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.'" *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015) ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.), *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 n.2 (D. Md. 2014) (discussing issues of dismissal under Fed. R. Civ. P. 41(a)(1)(A) and noting that the Eleventh Circuit has held that all FLSA settlements require court approval.). "Nevertheless, '[c]laims for FLSA violations can ... be settled when the settlement is supervised by the [Department of Labor] or a court.'" Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement

agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey*, 30 F. Supp. 3d at 407-08. Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.*, No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.*, No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. 2010)); *see also Nyamira v. Little Kampala Services, LLC*, 2018 WL 5026371 at *2 (D. Md. Oct. 17, 2018). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (*citing Saman*, 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey*, 30 F. Supp. 3d at 408 (*citing Lynn's Food Stores*, 679 F.2d at 1354).

2. As detailed in the Plaintiff's Complaint, this is a case involving a para-professional employee who was employed by Defendants. (ECF Doc. 1). Prior to

2

service, the parties conducted a full exchange of information, including payroll records, prior to engaging in settlement discussions.

3. Plaintiff's counsel presented Defendants' counsel with a demand, and the parties engaged in various back and forth negotiations. Defendants maintained that Plaintiff was exempt from the overtime requirements under the FLSA and that she had been paid properly.

4. To resolve the matter without further costs and litigation regarding whether the amounts claimed were due or the amount of statutory damages were proper, without admitting liability, Defendants agreed to pay the Plaintiff the amount she demanded through counsel.

5. As per the attached Settlement Agreement (Exh. 1), Plaintiff Curry will recover $17,500.00, which is 2.17 times the amount of unpaid overtime.

6. Neither the Fourth Circuit nor any Judge in this District has addressed the issue of what review is necessary where, as here, the parties agree that the settlement represents full relief under the FLSA. The parties submit that when an employee is receiving full compensation under the FLSA, a lesser degree of judicial scrutiny is required. *Silva v. Miller*, 307 Fed.Appx. 349, *2 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA is made"); *Crooms v. Lakewood Nursing Cntr., Inc.*, 2008 WL 398933, *1 (M.D. Fla. 2008) ("When the defendant represents that it has offered the plaintiff at least full compensation of his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003). The Court's approval

3

process is complete so long as the Court is satisfied that an FLSA Plaintiff is receiving full relief.

7. Accordingly, because counsel for the Plaintiff can attest that full relief has been provided for the Plaintiff in the Settlement Agreement, the Settlement Agreement is reasonable and fair, considering the facts and issues in controversy. *See* Exhibit 1; Exhibit 2 (Hoffman Declaration).

8. There is one remaining issue requiring the Court's attention, i.e., the approval of the Attorneys' Fees and Costs.

9. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3, *Nyamira*, 2018 WL 5026371, at *4, *Cerritos v. 4806 Rugby Avenue LLC*, 2018 WL 2290706 at *3 (D. Md. May 18, 2018), *Dominguez v. Microfit Auto Parts, Inc. et al.*, 2019 Wl 423403 at *4 (D. Md. Feb. 4, 2019). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

10. Under the Settlement Agreement, Plaintiffs' counsel would receive $7,500.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 1. Plaintiff's counsel

4

submits Declarations together with their detailed billing statement. *See* Exhibits 2 and 3. As detailed in his billing statement, Howard B. Hoffman has worked on Plaintiff's claims at the hourly rate of $400.00,[1] and has worked 10.2 hours. *See* Exhibit 2 and 2-A. Jordan S. Liew, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at an hourly rate of $205.00,[2] and worked 22.5 hours. *See* Exhibit 3. In addition to the above, costs in this case amount to a total of $425.00 *See* Exhibit 2 ¶ 5; see also Exhibit 2-A. As such, the total amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation.

WHEREFORE, the parties request that this Court approve the proposed Settlement Agreement as a fair and reasonable resolution of the parties' FLSA dispute and approve and issue the proposed Order implementing the terms of the Settlement Agreement.

**[SIGNATURES ON NEXT PAGE]**

---

[1] Mr. Hoffman has over 19 years of relevant legal experience. The requested hourly rate – $400 an hour – falls within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425. This Court has previously held that Mr. Hoffman's requested rate of $400.00/hour is both "presumptively reasonable," and "reasonable considering Mr. Hoffman's years of experience in wage and hour law." *Dominguez*, 2019 WL 423403 at *6 n.4.

[2] Mr. Liew has 3 years of experience and the requested rate of $205.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience bills between $150.00 to $225.00. The requested rate is both "presumptively reasonable" for falling within the appropriate range and "reasonable considering Mr. Liew conducted the... majority of the work on the matter." *Dominguez*, 2019 WL 423403 at *6 n.4.

Respectfully submitted

/s/
Howard B. Hoffman, Esq. #25965
Jordan S. Liew, Esq. #20509
Hoffman Employment Law, LLC
600 Jefferson Plaza, Suite 204
Rockville, Maryland 20852
(301) 251-3752 (phone)
(301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

*Counsel for Plaintiff*

/s/ with permission
Donna M. Glover, Esq. 28250
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
100 Light Street, 19th Floor
Baltimore, Maryland 21202
(410) 862-1147 (phone)
(410) 263-7547 (fax)
dglover@bakerdonelson.com

*Counsel for Defendants*

APPROVED:

_____    2/21/19
Hon. Beth P. Gesner                 Date
U.S. Magistrate Judge